IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

THOMAS MOORE, INDIVIDUALLY AND
ON BEHALF OF ALL WRONGFUL DEATH
BENEFICIARIES AND HEIRS AT LAW
OF CHARLES MOORE, DECEASED

THELMA COLLINS, INDIVIDUALLY AND
ON BEHALF OF ALL WRONGFUL DEATH
BENEFICIARIES AND HEIRS AT LAW
OF HENRY DEE, DECEASED                                           PLAINTIFFS

VS.                          CIVIL ACTION NO. 5:08-cv-258(DCB)(JMR)

FRANKLIN COUNTY, MISSISSIPPI                                      DEFENDANT

ORDER TRANSFERRING VENUE

This cause is before the Court sua sponte to address the issue of venue as to proper division. Being fully advised in the premises, the Court finds as follows:

This action was filed by the plaintiffs on August 5, 2008, in the Western Division of the United States District Court for the Southern District of Mississippi. The plaintiffs' complaint seeks recovery against Franklin County, Mississippi, under 42 U.S.C. § 1983, as well as §§ 1981 and 1985. The complaint also includes state law claims which have since been voluntarily dismissed by the plaintiffs.

Jurisdiction is proper in the Southern District of Mississippi. See 28 U.S.C. § 1331; 28 U.S.C. § 1343. Venue is also proper in the Southern District. Venue for actions under 42 U.S.C. §§ 1983, 1981 and 1985 is governed by 28 U.S.C. § 1391(b),

which provides:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Id. As for division venue, 28 U.S.C. § 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may <u>transfer</u> any civil action to any other district <u>or division</u> where it might have been brought." (emphasis added).

The decision to transfer an action pursuant to § 1404(a) is left to the "sound discretion" of the district court and may be made <u>sua sponte</u>. <u>Mills v. Beech Aircraft Corp.</u>, 886 F.2d 758, 761 (5th Cir. 1989). In deciding whether to transfer venue, courts look to certain factors set forth by the United States Supreme Court relating to the private interest of the litigants and the public interest in the fair and efficient administration of justice. <u>See Gulf Oil Corp. v. Gilbert</u>, 330 U.S. 501, 508-09 (1988)(superseded by statute on other grounds as explained in <u>American Dredging Co. v. Miller</u>, 510 U.S. 443, 449 n.2 (1994)). The private interest factors set forth in <u>Gilbert</u> are as follows:

> Important considerations are the relative ease of access to sources of proof; availability of compulsory process

> for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all of the practical problems that make trial of a case easy, expeditious and inexpensive.

Gilbert, 330 U.S. at 508. In this case, the Western Division and the Jackson Division would seem to be equally convenient for the parties and their attorneys, as well as potential witnesses. However, as stated by the Supreme Court in Gilbert:

> Factors of public interest also have [a] place in applying the doctrine. Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation.

Id. at 508-09.

In this case, plaintiff Thomas Moore is a resident of Colorado Springs, Colorado, and plaintiff Thelma Collins is a resident of Springfield, Louisiana. Defendant Franklin County is located in the Jackson Division of the Southern District of Mississippi, and the events or omissions giving rise to this action occurred in Franklin County. At a hearing on April 9, 2009, plaintiff's counsel stated that he mistakenly assumed Franklin County was located in the Western Division when he filed the complaint. The Court finds that neither the private interest of the litigants, nor the public interest in the administration of justice would be served by maintaining venue in this division. The community of citizens residing in the Western Division appears to have no

relation to the litigation at issue, and as the Supreme Court emphasized in Gilbert, the burden of jury duty should be imposed on the community which does have such a relation.  For the foregoing reasons, the Court finds that venue of this action should be transferred to the Jackson Division of the Southern District of Mississippi.  Accordingly,

IT IS HEREBY ORDERED that this case shall be transferred to the United States District Court for the Southern District of Mississippi, Jackson Division.

SO ORDERED, this the 13th day of April, 2009.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE